Shaw, C. J.
The only question is upon the sufficiency of the execution of a mortgage deed, as a good and valid deed *484 of Polly Gwinn. The execution of the deed is objected to, on the ground, that when a deed is executed by an agent or attorney, the authority to do so must be an authority of as high a nature, derived from an instrument under the seal of the grantor. This is a good rule of law, but it does not apply to the present case. The name being written by another hand, in the presence of the grantor, and at her request, is her act. The disposing capacity, the act of mind, which are the essential and efficient ingredients of the deed, are hers, and she merely uses the hand of another, through incapacity or weakness, instead of her own, to do the physical act of making a written sign. Whereas, in executing a deed by attorney, the disposing power, though delegated, is with the' attorney, and the deed takes effect from his act; and therefore the power is to be strictly examined and construed, and the instrument conferring it is to be proved by evidence of as high a nature as the deed itself. To hold otherwise, would be to decide, that a person having a clear mind and full capacity, but through physical inability incapable of making a mark, could never make a conveyance or execute a deed; for the same incapacity to sign and seal the principal deed would prevent him from executing a letter of attorney under seal.
It appears to us, that the distinction, between writing one’s name in his presence and at his request, and executing a deed by attorney, is obvious, well founded, stands on satisfactory reasons, and is well sustained by authorities. Ball v. Dunsterville, 4 T. R. 313; The King v. Longnor, 1 Nev. & M. 576; S. C., 4 B. & Ad. 647; 2 Gr. Ev. § 295. We think the deed was well executed by Polly Gwinn ; and judgment must therefore stand for the demandant.